**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-1723**

─────────────

GERALD A. LEMBACH; DEBBIE L. LEMBACH,

        Plaintiffs - Appellants,

    and

MARJORIE STEWART; JAY NACHBAR,

        Plaintiffs,

      v.

HOWARD NORMAN BIERMAN; GEORGE JACOB GEESING; CARRIE MICHELE WARD; BIERMAN, GEESING, WARD & WOOD, LLC,

        Defendants - Appellees.

─────────────

**No. 12-1746**

─────────────

GERALD A. LEMBACH; DEBBIE L. LEMBACH,

        Plaintiffs - Appellees,

    and

MARJORIE STEWART; JAY NACHBAR,

        Plaintiffs,

      v.

HOWARD NORMAN BIERMAN; GEORGE JACOB GEESING; CARRIE MICHELE WARD; BIERMAN, GEESING, WARD & WOOD, LLC,

        Defendants – Appellants.

Appeals from the United States District Court for the District of Maryland, at Greenbelt.  Roger W. Titus, District Judge. (8:10-cv-02822-RWT)

Argued:  March 20, 2013                  Decided:  June 12, 2013

Before KING, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Scott Craig Borison, LEGG LAW FIRM, LLC, Frederick, Maryland, for Appellants/Cross-Appellees.  J. Jonathan Schraub, SANDS, ANDERSON, PC, McLean, Virginia, for Appellees/Cross-Appellants.  **ON BRIEF:** Phillip Robinson, LEGG LAW FIRM, LLC, Frederick, Maryland, for Appellants/Cross-Appellees.  Paige Levy Smith, SANDS, ANDERSON, PC, McLean, Virginia, for Appellees/Cross-Appellants.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants Gerald and Debbie Lembach appeal the district court's dismissal of their amended complaint. This action began as a class action when the Lembachs, along with other plaintiffs, filed this suit against Appellees Howard Bierman, George Geesing, Carrie Ward, and the law firm of Bierman, Geesing, Ward & Wood (collectively BGWW). All allegations in this case arise from the debt collection activities taken by BGWW in initiation of foreclosure proceedings against the Lembachs. Based on BGWW's actions, the Lembachs bring claims alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., the Maryland Consumer Protection Act (MCPA), and the Maryland Consumer Debt Collection Act (MCDCA). The district court found that the Lembachs failed to state a claim upon which relief could be granted and dismissed the action in its entirety. BGWW cross-appeals the district court's finding that the Lembachs' amended complaint was timely under the FDCPA. For the reasons that follow, we affirm.

I.

We review a district court's grant of a motion to dismiss de novo. Gilbert v. Residential Funding, LLC, 678 F.3d 271, 274

3

(4th Cir. 2012). To survive a motion to dismiss, a complaint must contain sufficient factual matters, accepted as true, to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). On appeal, this Court draws all reasonable inferences in favor of the appealing parties. Id. However, this Court "'need not accept the legal conclusions drawn from the facts,' and '[it] need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008)(quoting E. Shore Mkts. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000)).

This action arose when BGWW sought to foreclose on the Lembachs' property in Anne Arundel County, Maryland. The Lembachs fell behind on the mortgage payments for their property, and after this the lender, Duetsche Bank, appointed BGWW as substitute trustee under the deed of trust. Bierman, Geesing, and Ward are attorneys in Maryland, and their firm then initiated foreclosure proceedings against the Lembachs. Under Maryland law, certain documents must be filed to initiate foreclosure proceedings. Allegedly, BGWW has failed to personally execute these requirements. Instead, employees signed their signatures, and notaries attested that the documents were personally signed when they were not. BGWW filed

4

the first Order to Docket on September 28, 2009, and then dismissed the proceeding on December 14, 2009. BGWW filed a second Order to Docket the foreclosure proceeding on March 17, 2010, which the state court later dismissed. The Lembachs allege that BGWW relied on fraudulent documents, specifically the Order to Docket and other papers containing false signatures of the trustees, in the second foreclosure proceeding. No foreclosure action is currently pending against the Lembachs. All of these actions were supposedly taken to expedite the foreclosure process; however, the documents are factually correct as to the existence of debt and delinquency of the Lembachs.

When the Lembachs discovered that the foreclosure filing BGWW made included falsely executed signatures that were required to foreclose on their home, they brought suit in the district court seeking damages. The Lembachs claim that BGWW violated the FDCPA by threatening to take and actually taking actions that they could not take when they docketed the foreclosures with "false, defective, bogus, fabricated, or counterfeit affidavits." Second, the Lembachs argue that the filing of court documents with false signatures violates the MCPA because it constitutes an unfair and deceptive trade practice containing misrepresentations on which they relied to

5

their injury. Third, the Lembachs claim that BGWW violated the MCDCA when it sought to foreclose on their property knowing that "that right did not exist." Fourth, the Lembachs claim that the district court erred when it failed to apply the doctrine of non-mutual collateral estoppel based upon a Maryland Circuit Court ruling. The Lembachs argue that the circuit court's decision precludes relitigation of the issue of the propriety of allowing others to sign documents that are submitted to the court. Lastly, the Lembachs argue that the district court erred when it decided not to certify a question to the Maryland Court of Appeals. In addition to the Lembachs' claims, BGWW cross-appeals the district court's finding that the Lembachs' FDCPA cause of action was timely. The Lembachs counter that their filing was timely because they could not discover the "robo-signed" Orders to Docket until after the documents had actually been docketed on October 13, 2010.

The district court dismissed all the claims set forth in the Lembachs' amended complaint, finding that (1) the Lembachs failed to show that BGWW violated the FDCPA because the alleged misrepresentations were not material; (2) the Lembachs failed to sufficiently allege elements of their Maryland state law causes of action; and (3) the Lembachs' FDCPA causes of action were

timely filed.  Finding no error in the district court's rulings, we affirm.

II.

A.

The Lembachs first argue that the district court erred in dismissing their FDCPA claims because the signatures were material violations of the FDCPA.  "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage."  United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 135 (4th Cir. 1996).  The Lembachs allege violations of 15 U.S.C. §§ 1692e(5), 1692e(10), and 1692f.  The relevant portions of § 1692e provide:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a customer.

15 U.S.C. § 1692e.  Section 1692f states, "A debt collector may not use unfair or unconscionable means to collect or attempt to

7

collect any debt."  BGWW argues that the FDCPA claims must be dismissed because (1) the Lembachs' claims are time barred, (2) the alleged violations of the FDCPA are not material, and (3) the Lembachs fail to articulate a separate § 1692f claim.  As an initial matter, we will address BGWW's cross-appeal that argues that the FDCPA claims are time barred.

BGWW argues that the Lembachs failed to initiate this case within the one-year statute of limitation for FDCPA claims.  See 15 U.S.C. § 1692k(d).  Under the FDCPA "[an] action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs." Id.  BGWW notes that the Lembachs were served foreclosure papers on September 28, 2009, and the complaint in this case was not filed until October 13, 2010.  On the other hand, the Lembachs argue that fraud could only be discovered after the docketing of the "robo-signed" documents and as such the statute of limitations could not begin to run until after October 13, 2009. Ordinarily, the statute of limitations begins to run when communication that violates the FDCPA is sent.  Akalwadi v. Risk Mgmt. Alts., Inc., 336 F. Supp. 2d 492, 501 (D. Md. 2004). However, in this case, the district court applied the discovery rule and held that an FDCPA claim accrues at the time of the violation or when the plaintiff should have known of the

8

violation. The discovery rule provides that a limitations period does not begin to run until the plaintiff knows or has reason to know of the injury that is the basis of the lawsuit. Mangum v. Action Collection Serv., Inc., 575 F.3d 935, 940 (9th Cir. 2009).

The only circuit to address whether to apply the discovery rule to an FDCPA action has concluded that it should apply. See id. The Ninth Circuit noted, "[F]ederal law determines when the limitations period begins to run, and the general federal rule is that 'a limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" Id. at 940 (quoting Norman–Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1266 (9th Cir. 1998)) (internal quotation marks omitted). Although not embracing a general discovery rule, the Supreme Court in TRW Inc. v. Andrews, 534 U.S. 19 (2001), "observed that lower federal courts 'generally apply a discovery accrual rule when a statute is silent on the issue,'" id. at 27 (quoting Rotella v. Wood, 528 U.S. 549, 555 (2000)).

We see no reason not to apply the discovery rule to this case. The Lembachs had no way of discovering the alleged violation until they actually saw the fraudulent signatures on the docketing material. Further, BGWW should not be allowed to

profit from the statute of limitations when its wrongful acts have been concealed. As the Supreme Court held in <u>Bailey v. Glover</u>, 88 U.S. 342 (1875), "where the party injured by the fraud remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered," <u>id.</u> at 348. We hold that the Lembachs' filing was timely because they filed within one year of the time that they discovered (or could have discovered) the fraud.

B.

We now consider whether a misrepresentation under 15 U.S.C. § 1692e must be material in order for a violation of the FDCPA to occur. The Fourth Circuit has adopted the "least sophisticated consumer" standard to determine if a § 1692e violation has occurred. <u>Nat'l Fin. Servs., Inc.</u>, 98 F.3d at 135–36. Under this standard, a false statement that would not mislead the "least sophisticated consumer" is not actionable. Recently, when applying this standard, courts have reasoned that a statement must be materially false or misleading to violate the FDCPA. <u>See, e.g.</u>, <u>Donohue v. Quick Collect, Inc.</u>, 592 F.3d 1027, 1033 (9th Cir. 2010); <u>Hahn v. Triumph P'ships LLC</u>, 557 F.3d 755, 757-58 (7th Cir. 2009); <u>Miller v. Javitch, Block &</u>

10

Rathbone, 561 F.3d 588, 596 (6th Cir. 2009). BGWW argues that the misrepresentations on the documents are not material and are insufficient to maintain an FDCPA claim. BGWW reasons that the method of applying signatures to an otherwise correct document is immaterial to the debtor. The Lembachs counter that the signatures are material because without them the foreclosure cases would not be in court at all.

In Hahn, the Seventh Circuit concluded that a false or misleading statement is not actionable under § 1692e unless it is material, observing that "[m]ateriality is an ordinary element of any federal claim based on a false or misleading statement." 557 F.3d at 757. The Seventh Circuit framed materiality as a corollary to the well-established proposition that "[i]f a statement would not mislead the unsophisticated consumer, it does not violate the [Act]-even if it is false in some technical sense." Id. at 758. Thus, "[a] statement cannot mislead unless it is material, so a false but non-material statement is not actionable." Id.

In Warren v. Sessoms & Rogers, P.A., 676 F.3d 365 (4th Cir. 2012), this Court dealt with a violation of § 1692e. At issue in Warren was a specific subsection that required a disclosure by which the collector failed to abide. Because there was no statement in Warren, there was no further implied limit of

11

materiality. However, this Court implied that for every other section that punishes an affirmative statement there may be a limit of materiality. Id. at 374. This Court stated, "Generally, § 1692e prohibits debt collectors from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" Id. Section 1692e also provides a non-exhaustive list of "conduct" that satisfies the general prohibition. The court went on to cite Hahn, Donohue, and Miller. Id. We are persuaded by the discussion in Warren and this Court's further citation to Hahn, Donahue, and Miller, and this leads us to the conclusion that to plead a claim of false representation under the FDCPA, the party must show that the representations are material.

Although we do not look favorably upon improper behavior by attorneys, we ultimately cannot find that the misrepresentations BGWW made are material because they have no connection to the debt at issue in this case. The Lembachs were unquestionably in default, and the documents correctly stated the debt. The Lembachs fail to allege how they, or any consumer, would be misled by a signature by someone other than the trustee that is affixed to a document that was substantively correct. See Harvey v. Great Seneca Corp., 453 F.3d 324, 332 (6th Cir. 2006) (dismissing plaintiff's allegation that defendant violated the

12

FDCPA when she "never denied in her complaint that she owed [defendant] a debt, nor did she claim [defendant] misstated or misrepresented the amount that she owed"). We recognize the fact that the trustee's signature was required under the Maryland rules to file a foreclosure action. However, the fact that Maryland has adopted foreclosure regulations that address the particularities of filing a foreclosure action has no bearing on whether a signature is material under federal law. Because the signatures have no connection to the debt, and the Lembachs fail to show how the fraudulent signatures would mislead even the least sophisticated consumer, their claim fails.

C.

The Lembachs next argue that the use of false signatures by BGWW violates 15 U.S.C. § 1692f because it constitutes unfair or unconscionable means of collecting debt. The "Unfair Practices" section of the FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Although not exhaustive, the statute does provide a list of conduct that violates the section. Id. Additionally, the section allows the court to punish any other unfair or unconscionable conduct not covered by the FDCPA. Id. The district court dismissed the § 1692f claims

13

because there were no allegations of any unfair or unconscionable conduct distinct from the § 1692e allegations, and for the same reasons the allegations could not be material to the Lembachs.

In Donohue, the Ninth Circuit, relying on Hahn and Miller, held that "false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §§ 1692e or 1692f." 592 F.3d at 1033. This Court has also recognized "that violations grounded in 'false representations' must rest on material misrepresentations." Warren, 676 F.3d at 374. Because the Lembachs' claim undoubtedly rests on "false misrepresentations," the Lembachs must, once again, show that this misrepresentation was material to support their § 1692f claim. As we have already concluded, the Lembachs have failed to plead any material violations. Necessarily, their § 1692f claim fails as well. Further, the Lembachs fail to demonstrate any conduct that would be violative of § 1692f. Instead, the Lembachs rely on fraudulent signatures, the same alleged misconduct that undergirds their § 1692e claim. As noted above, the courts use § 1692f to punish conduct that FDCPA does not specifically cover. Because the Lembachs rely on conduct that is covered by § 1692e and do not allege any separate or distinct conduct to

14

support a § 1692f violation, their claim fails for this reason as well.


                              III.

    Next, we turn to the Lembachs' claims that arise under state law.  The district court chose to retain supplemental jurisdiction in furtherance of fairness, convenience, and consideration of judicial economy.  The district court went on to conclude that the Lembachs failed to allege any violation of the MCPA or the MCDCA.

    The MCPA was intended to provide minimum standards for the protection of consumers in Maryland.  Lloyd v. Gen. Motors Corp., 916 A.2d 257, 276 (Md. 2007).  The Lembachs argue that the false signatures constitute an unfair and deceptive trade practice made to them on which they relied to their injury.  See Md. Code Ann., Com. Law § 13-301.  However, section 13-104 exempts various professional services, including lawyers' services, and this is fatal to the Lembachs' claim.  Id. § 13-104(1).  The Lembachs attempt to avoid this bar by claiming that the attorneys "were not acting within the scope of their license as attorneys" when they were acting as trustees in the foreclosure proceedings.  We are not persuaded.  The only Maryland appellate court to address the issue, in Scull v.

                               15

*Doctors Groover, Christie & Merritt, P.C.*, 45 A.3d 925 (Md. Ct. Spec. App. 2012), found the exemption applicable to indirect professional services, *id.* at 932. Given the plain language of the Act exempting attorneys and considering the fact that Maryland courts have applied the exemption broadly, we need not belabor the point. Attorneys are clearly not within the scope of the Act, and because of this the Lembachs' cause of action fails.

Next, the Lembachs bring a claim pursuant to the MCDCA. Under the MCDCA, a debt collector may not "claim, attempt, or threaten to enforce a right with knowledge that the right does not exist." Md. Code Ann., Com. Law § 14-202(8). The Lembachs claim that BGWW "violated the MCDCA by claiming, attempting, or threatening to enforce rights with the knowledge that the right did not exist." Maryland courts have consistently interpreted the MCDCA to require plaintiffs to allege that defendants acted with knowledge that the "debt was invalid, or acted with reckless disregard as to its validity." *Shah v. Collecto, Inc.*, No. DKC 2004-4059, 2005 WL 2216242, at * 11 (D. Md. Sept. 12, 2005). BGWW argues that the Lembachs have failed to show the knowledge element of a MCDCA claim and notes that the Lembachs concede that the right to foreclose on their property existed. BGWW's argument is persuasive.

16

First, the Lembachs fail to show any evidence that BGWW had any reason to doubt the validity of the debt and its right to foreclose upon it. In fact, the Lembachs concede that BGWW has this right. This situation is simply not within the ambit of MCDCA. The MCDCA allows recovery for abusive practices, or when the debt collector seeks to collect on a debt when he or she knows (or should know) that he or she does not have a right to do so. Here, the Lembachs dispute only the signatures on the documents, and the MCDCA does not allow for recovery for an error in the process of collecting this legitimate and undisputed debt.

IV.

Next, the Lembachs take issue with the district court's decision when it chose not to apply non-mutual collateral estoppel based on a circuit court order. In Geesing v. Willson, No. 13-C-10-82594 (Md. Cir. Ct. 2010), the Howard County court dismissed the foreclosure action after finding that the documents were not properly signed because the signatures did not comply with Maryland's procedural requirements for filing a foreclosure action. The Lembachs submit that this ruling prevents BGWW from relitigating the propriety of the signatures.

17

Non-mutual offensive use of collateral estoppel occurs when a plaintiff seeks to foreclose a defendant from relitigating an issue the defendant has previously litigated unsuccessfully in another action against a different party. In Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979), the Supreme Court held that federal "trial courts [have the] broad discretion to determine when [offensive use of collateral estoppel] should be applied," id. at 331. According to Maryland law, a party must meet a four-prong test before a court may permit the use of collateral estoppel:

> 1. Was the issue decided in the prior adjudication identical with the one presented in the action in question?
>
> 2. Was there a final judgment on the merits?
>
> 3. Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?
>
> 4. Was the party against whom the plea is asserted given a fair opportunity to be heard on the issue?

Rourke v. Amchem Prods., Inc., 835 A.2d 193, 205 (Md. Ct. Spec. App. 2003).

We agree with the district court, as we see no need to apply the doctrine of collateral estoppel. Initially, as noted by BGWW, other circuit courts within Maryland in foreclosure cases initiated by Geesing—one the appellees here—have held to the contrary and refused to dismiss the foreclosure. See

18

_Geesing v. Jones_, No. CAE 10-08803 (Md. Cir. Ct. 2011) (Prince George's County Court). Even if we were to disregard the fact that the courts of equal jurisdiction within Maryland disagree on the proper result when documents are fraudulently signed, the Lembachs fail to show how collateral estoppel is applicable in this case. First, there was no final judgment on the merits in the Howard County _Geesing_ case, there was a dismissal without prejudice. Second, the issues in the cases are not identical. The circuit court addressed only the fact that the signatures were an improper means of procedurally filing a foreclosure action and that the remedy was to dismiss the action. The circuit court simply dismissed the foreclosure action; it did not determine the defective signatures gave the plaintiffs any rights of action or any independent claims, which the Lembachs are seeking here. Further, the remedy was dismissal of the foreclosure action. Here, there is no pending foreclosure action for us to consider. We are unsure of exactly what result the Lembachs are seeking in asking this Court to apply collateral estoppel to the circuit court's order, but as noted above, were we to apply the doctrine, it is of absolutely no help to the Lembachs' case. Accordingly, we find no error in the district court's refusal to apply collateral estoppel.

19

V.

Finally, the Lembachs take issue with the district court's decision declining to certify questions to the Maryland Court of Appeals. The Lembachs contend that if this Court adopts the materiality reasoning of the district court then we should certify the question of whether the false signatures on the affidavits were material to the foreclosure action. We review the district court's decision not to certify a question to the Maryland Court of Appeals for an abuse of discretion. See Nat'l Capital Naturists, Inc. v. Bd. of Supervisors, 878 F.2d 128, 132 (4th Cir. 1989). This Court has held that "[o]nly if the available state law is clearly insufficient should the court certify the issue to the state court." Roe v. Doe, 28 F.3d 404, 407 (4th Cir. 1994).

We need not certify the question of materiality to the Maryland Court of Appeals because we, and the district court for that matter, find ample grounds under state law to dismiss the Lembachs' claims. The state law claims in this case can be easily resolved without any reference to whether the signatures were material. Specifically, the Lembachs have no claim under the MCPA because all of the appellees are attorneys and are therefore exempt from the scope of the act. Next, the Lembachs have no claim under the MCDCA because they failed to show

20

knowledge that BGWW did not have the right to take foreclosure actions. Because the district court had ample alternative grounds for dismissing the state law claims, we decline the Lembachs' invitation to certify a question to the Maryland Court of Appeals.

## VI.

Finding no error in the district court's decision, this case is

AFFIRMED.