**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1393**

LEROY T. JACKSON; ADELAIDE W. JACKSON,

        Plaintiffs - Appellants,

      v.

OCWEN LOAN SERVICING, LLC,

        Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, District Judge.  (3:17-cv-00159-MHL-DJN)

Submitted:  December 28, 2018                Decided:  January 7, 2019

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Henry W. McLaughlin, III, LAW OFFICE OF HENRY MCLAUGHLIN, P.C., Richmond, Virginia, for Appellant.  Andrew B. Pittman, Allison Melton, TROUTMAN SANDERS LLP, Virginia Beach, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leroy T. Jackson and Adelaide W. Jackson appeal the district court's order dismissing their complaint under Fed. R. Civ. P. 12(b)(6). In the complaint, the Jacksons claimed that Ocwen Loan Servicing, LLC, violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 to 1692p (2012), in 22 statements and notices sent between 2016 and 2017 because it overcharged the Jacksons in 2014 and never corrected the error. We affirm.

We review a district court's dismissal under Rule 12(b)(6) de novo, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving parties. *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 635 (2018). "To survive a [Rule] 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018) (internal quotation marks omitted).

A one-year statute of limitations applies to FDCPA claims. 15 U.S.C. § 1692k(d). "Ordinarily, the statute of limitations begins to run when communication that violates the FDCPA is sent." *Lembach v. Bierman*, 528 F. App'x 297, 301 (4th Cir. 2013) (Nos. 12-1273, 12-1746) (argued but unpublished) (concluding that discovery rule applies in FDCPA context); *see also Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 316 (D. Md.) (concluding that "subsequent violations of the same type do not restart the limitations period") (internal quotation marks omitted), *aff'd*, 584 F. App'x 135 (4th Cir. 2014) (No. 14-1378). Because the statute of limitations for the 2014 overcharge expired

2

by the end of 2015 at the latest, the Jacksons' complaint was barred by the statute of limitations. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*