UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-1979

SUZETTE ARCHIE, Individually and on behalf of three classes of similarly situated persons; OM SHARMA,

Plaintiffs - Appellants,

v.

NAGLE & ZALLER, P.C.,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George Jarrod Hazel, District Judge. (8:17-cv-2524-GJH)

Argued: September 18, 2019                    Decided: October 16, 2019

Before MOTZ, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Phillip R. Robinson, CONSUMER LAW CENTER, LLC, Silver Spring, Maryland, for Appellants. Stacey Ann Moffet, ECCLESTON & WOLF, P.C., Hanover, Maryland, for Appellee. **ON BRIEF:** Scott C. Borison, LEGG LAW FIRM, LLP, San Mateo, California; Peter A. Holland, Emanwel J. Turnbull, THE HOLLAND LAW FIRM, P.C., Annapolis, Maryland, for Appellants.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Homeowners Suzette Archie and Om Sharma commenced this suit in response to attempts by Nagle & Zaller, P.C. ("N&Z"), a law firm representing their homeowners associations, to collect outstanding debts. Archie and Sharma claimed that N&Z engaged in two unlawful practices: first, requesting writs of garnishment that seek post-judgment enforcement costs; and second, filing liens that secure additional costs that may come due after the lien is recorded. The suit, initially filed in state court but removed to the United States District Court for the District of Maryland, alleged that these practices violate the Fair Debt Collection Practices Act ("FDCPA") and related state statutes, and sought damages as well as declaratory and injunctive relief. The district court granted summary judgment in favor of N&Z on the FDCPA claims and exercised its discretion to dismiss the remaining state law claims without prejudice. We agree with the district court and affirm its decision.

In the district court, Archie and Sharma asserted that N&Z violated two provisions of the FDCPA that prohibit debt collectors from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, and from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt," *id*. § 1692f.[1] In a thorough and well-reasoned opinion, the district court

---

[1] Though plaintiffs alleged that these practices violate both § 1692e and § 1692f, several courts have held that § 1692f's prohibitive reach extends only to misconduct that is separate and distinct from other FDCPA violations. *See Cooke v. Carrington Mortg. Servs.*, No. 18-CV-0205, 2018 WL 6323116, at *6 (D. Md. Dec. 3, 2018) (citing *Lembach v. Bierman*, 528 F. App'x 297, 304 (4th Cir. 2013)); *Biber v. Pioneer Credit Recovery,*

2

found those claims unavailing. *Archie v. Nagle & Zaller, P.C.*, No. 17-CV-2524, 2018 WL 3475429, at \*3–\*7 (D. Md. July 19, 2018).

The district court first considered whether N&Z's inclusion of post-judgment enforcement costs in writs of garnishment violates the FDCPA. N&Z's attempt to collect against Archie exemplifies this challenged practice. The Holly Hill homeowners association – represented by N&Z – obtained a consent judgment against Archie based on her failure to pay monthly condominium assessments. That judgment included $14,938.10 in judgment principal, plus $83 in costs, among other amounts. N&Z subsequently took a number of steps to collect on the judgment: First, a judgment lien was recorded, which cost $15. When Archie made no payment on the judgment, N&Z filed a request for an order directing her to appear for examination in aid of enforcement of judgment, which cost $10. N&Z then filed a request for a writ of garnishment of Archie's wages, which cost another $10. All told, the writ of garnishment sought $118 in costs, which included the $83 that was initially awarded plus $15 for the judgment lien, $10 for the request for examination in aid of enforcement, and $10 for the request for the writ itself.

The homeowners do not dispute that N&Z in fact incurred those post-judgment costs, nor that the cost schedule of the Maryland court system specifically allows them. *See Archie*, 2018 WL 3475429, at \*4; J.A. 260–62. According to their complaint, however, by seeking any amount over the $83 in costs initially awarded as part of the judgment against Archie, N&Z attempted to "collect[] costs in an amount greater than the costs

_Inc._, 229 F. Supp. 3d 457, 474 (E.D. Va. 2017); *Woods v. Oxford Law, LLC*, No. 2:13-CV-6467, 2015 WL 778778, at \*9 (S.D.W. Va. Feb. 24, 2015).

actually assessed in the case[]," J.A. 41 – in other words, falsely represented the amount due in violation of the FDCPA.

The district court disagreed. In requesting the writ of garnishment against Archie, it explained, N&Z simply followed Maryland court rules and procedures. Under Maryland Rule 3-646, a judgment creditor may "obtain issuance of a writ of garnishment by filing a request in the same action in which the judgment was obtained." *Archie*, 2018 WL 3475429, at *4. To do so, the creditor utilizes form DC-CV-065, established by the Maryland court system expressly for this purpose. *Id.* That form, in turn, explicitly prompts the judgment creditor "to list separately the '[o]riginal amount of judgment (excluding costs and attorney's fees)'" and any additional "'court costs due, including this [w]rit.'" *Id.* (quoting J.A. 110). That is precisely what N&Z did here, filling in the blank as instructed to include post-judgment enforcement costs, including the cost of "this [w]rit." And upon receipt of that form, the Clerk of the Court then issued the writ of garnishment to Archie's former employer. Nothing about that process, the district court concluded, in which N&Z accurately "execut[ed] the [w]rit of [g]arnishment form as instructed by the Maryland courts," constituted a false representation in violation of the FDCPA. *Id.* at *5.

Next, the district court turned to the homeowners' claim that "continuing lien clauses," which state that the lien covers additional costs that may come due after the lien is recorded, violate the FDCPA. Here, N&Z's attempt to collect against Sharma is illustrative. The Gabriel's Run homeowners association – which, like Holly Hills, was represented by N&Z – filed a statement of lien against Sharma's property, claiming the

4

right to collect $3,099.80 as well as "additional fines, late fees, interest, costs of collection and attorney's fees actually incurred, if any, as permitted by the Association's governing documents, that may come due after the date this lien was drafted." J.A. 119. The lien went on to note that "[s]aid amount may increase or decrease to account for intervening payments of some or all of the balance secured by this Statement of Lien, or due to judgments obtained against [Sharma]." *Id.* Separately, N&Z filed two statements of lien against Archie's property, each of which included continuing lien clauses identical to the one in the Sharma lien. On plaintiffs' telling, those continuing lien clauses constitute "false, deceptive, or misleading representations" within the meaning of the FDCPA because they are "not authorized under Maryland law" and "demand[] future, unknown sums due." J.A. 41–42.

Again, the district court rejected the plaintiffs' position. As the court explained, the "governing documents" of Holly Hills and Gabriel's Run – referenced in the continuing lien clauses – themselves authorize continuing liens to recover interest, costs and expenses of collection or enforcement actions, and attorney's fees. *Archie*, 2018 WL 3475429, at *6. Having signed those documents, the plaintiffs were "on notice that the amount of the lien may change," and also on notice as to "exactly what those costs may be." *Id.* The continuing lien clauses in question, the court stated, were a "fair and accurate representation" of the right those governing documents grant to the homeowners associations to "collect additional sums" due. *Id.* And finally, while Maryland law "does not expressly permit or prohibit" continuing lien clauses, the court reasoned, construing the law to forbid them would lead to an impractical and costly result, with creditors obliged

5

to file a new lien every time an additional cost accrued or a partial payment was made. *Id.* Accordingly, the district court concluded, N&Z's conduct – "pursuing its clients' contractual rights in a way that was not proscribed" under state law – did not amount to a violation of the FDCPA. *Id.*

After disposing of those FDCPA claims, the district court noted that it would not have jurisdiction over the remaining state law causes of action unless it exercised supplemental jurisdiction. *Id.* at \*7. The court declined to do so, instead invoking its discretion under 28 U.S.C. § 1367(c)(3) to dismiss the state law claims without prejudice. *Id.*

Archie and Sharma timely appealed, raising substantially the same arguments they advanced in the district court as to their FDCPA claims. They also raise one additional issue, arguing that the district court erred in dismissing without prejudice – instead of remanding – the remaining state law claims. This court reviews a district court's grant of summary judgment de novo, *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017), and reviews a district court's decision to decline to exercise supplemental jurisdiction for abuse of discretion, *Jordahl v. Democratic Party of Virginia*, 122 F.3d 192, 203 (4th Cir. 1997). Having carefully considered the controlling law and the parties' briefs and oral arguments, we affirm the district court's grant of summary judgment as to the FDCPA claims for the reasons given by the district court and described above.[2] That leaves the

---

[2] Because we affirm the district court's holding that N&Z acted lawfully in seeking post-judgment enforcement costs in the writ of garnishment, we need not address the court's alternative determination that the costs in question were not material because they

6

issue of whether the district court's dismissal of the remaining state law claims without prejudice constituted an abuse of discretion.  There is no indication that the district court abused its discretion here:  Nothing in the language of § 1367, nor in any case law interpreting that provision, imposes a requirement that the district court remand, as opposed to dismiss, pendant state law claims.  To the contrary, courts have consistently held that a district court has wide latitude in determining whether to retain, remand, or dismiss state law claims pursuant to § 1367(c).  *See Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 616–17 (4th Cir. 2001).  We therefore affirm the district court's dismissal of the remaining state law claims.[3]

*AFFIRMED*

---

were *de minimis*, and therefore not actionable under the FDCPA, *Archie*, 2018 WL 3475429, at \*5.  Nor need we resolve the question of whether Archie's FDCPA claim with respect to continuing lien clauses is time-barred, *id*. at \*6, as all agree Sharma's similar claim is not time-barred.  We express no opinion on either question here.

[3] We view the district court's statement "not[ing] that declaratory and injunctive relief is not available under the FDCPA or the MCDCA," *Archie*, 2018 WL 3475429, at \*7, as consistent with its grant of summary judgment in favor of N&Z with respect to the federal claims and its dismissal without prejudice of any remaining state law claims.  While the district court granted summary judgment as to N&Z on the availability of declaratory and injunctive relief under *federal law* – a conclusion that Archie and Sharma do not contest on appeal, and thus have abandoned, *see Williams v. Giant Food Inc.*, 370 F.3d 423, 430 n.4 (4th Cir. 2004) – we do not understand the court to have foreclosed them from asserting a claim for declaratory and injunctive relief as to any *state law* claims dismissed without prejudice.  This gives effect to the fundamental rationale underlying the district court's decision to dismiss without prejudice the pendant state law claims:  that allowing state courts to decide any remaining state law claims in this case would "best accommodate the values of economy, convenience, fairness, and comity."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988).