In the

# United States Court of Appeals
## For the Seventh Circuit

No. 08-1521

MARYLOU HAHN,

*Plaintiff-Appellant*,

*v.*

TRIUMPH PARTNERSHIPS LLC and
ALLIED INTERNATIONAL CREDIT CORP.,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Northern District of Illinois, Western Division.
No. 06 C 50132—**Frederick J. Kapala**, *Judge*.

ARGUED FEBRUARY 12, 2009—DECIDED MARCH 4, 2009

Before EASTERBROOK, *Chief Judge*, and FLAUM and MANION, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Triumph Partnerships bought some overdue credit card debts from HSBC Bank USA. One of Triumph's affiliates sent Marylou Hahn a letter saying that she owed $1,134.55. According to the letter, $1,051.91 of this was an "AMOUNT DUE" and the remaining $82.64 was "INTEREST DUE". The

letter told Hahn that she should pay Triumph rather than HSBC Bank and that the total of $1,134.55 was "inclusive of interest accrued in accordance with the terms of your original agreement." The letter also offered to accept $567.27 in satisfaction of the debt. (We refer to Triumph Partnerships and its affiliate collectively as "Triumph.")

Hahn does not deny owing $1,134.55. Instead of paying, however, she filed this suit under the Fair Debt Collection Practices Act. Hahn relies on 15 U.S.C. §1692e, which says that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." In particular, §1692e(2)(A) provides, a debt collector may not falsely represent "the character, amount, or legal status of any debt". According to Hahn's complaint, Triumph misrepresented the "character" of her debt when it said that the interest due was $82.64. Hahn maintains, and Triumph concedes, that the $82.64 represents interest accrued after it purchased the debt from HSBC. The $1,051.91 includes interest that accrued while HSBC was Hahn's creditor. Thus the representation that "interest due" equals $82.64 was false, Hahn submits. The district court, however, granted summary judgment in Triumph's favor, ruling that the letter's statement is true.

Hahn owes more than $82.64 in interest. But the proposition that $82.64 of the total is "interest due" is true. Hahn reads the statement "interest due" as if it were "this is all the interest due". Equivalently, Hahn could argue that "amount due" should be read as if it were "principal

due". The letter's actual language, however, does not commit either of these errors. An "amount" that is due can include principal, interest, penalties, attorneys' fees, and other components. Interest then can be added to that total. (Hahn does not say that her agreement with HSBC Bank forbade compound interest.) And we know from *Wahl v. Midland Credit Management, Inc.*, No. 08-1517 (7th Cir. Feb. 23, 2009), that there would be no falsity even if the "amount due" had been described as "principal due"—for *Wahl* observes that when interest is compounded, today's interest becomes tomorrow's principal, so all past-due amounts accurately may be described as "principal due".

*Barnes v. Advanced Call Center Technologies, LLC*, 493 F.3d 838 (7th Cir. 2007), holds that a debt collector need not break out principal and interest; it is enough to tell the debtor the bottom line. So Triumph could have sent Hahn a letter demanding payment of $1,134.55 without saying where this figure came from. By providing some extra detail Triumph may have helped customers understand the situation. The "amount due" reflected the last balance they would have seen in mailings from HSBC. Lumping together the interest charged while HSBC owned the account, plus interest after the sale to Triumph, would have produced "amount" and "interest" items that did not correspond to any figures that Hahn or other customers would have recognized. Reporting the post-transfer interest separately also could have helped debtors to check whether Triumph had applied the correct interest rate to the balances acquired from HSBC. Classifying obligations in a way that

helps customers to understand what has happened cannot be condemned as a false statement about a debt's character. (It is not evident what §1692e(2)(A) means by the "character" of a debt. We need not pin down the definition, because the letter is true.)

Hahn does not contend that the "interest due" line item is misleading. To get anywhere with such an argument she would need to introduce survey evidence, or some equivalent, demonstrating how the language actually affects borrowers. See *Williams v. OSI Educational Services, Inc.*, 505 F.3d 675, 678 (7th Cir. 2007); *Johnson v. Revenue Management Corp.*, 169 F.3d 1057 (7th Cir. 1999). Her only argument is that the letter is false—and, as we have concluded that the statement is true, the case is over.

The statement's immateriality is another way to reach the same conclusion. Suppose Triumph had written: "Remember the tan-colored letter you received from HSBC giving your balance as $1,051.91? From now on you will receive light blue letters from us, and interest will be added to the balance due." Hahn seems to think that she could collect statutory damages if HSBC's letters had been gray rather than tan in color. As we recognized in *Barnes*, the difference between principal and interest is no more important to the Fair Debt Collection Practices Act than the color of the paper that HSBC used. A dollar due is a dollar due. Applying an incorrect *rate* of interest would lead to a real injury; reporting interest in one line item rather than another (or in two line items) harms no one and, for the reasons we have given, may well assist some people. Materiality is an ordinary ele-

ment of any federal claim based on a false or misleading statement. See *Carter v. United States*, 530 U.S. 255 (2000); *Neder v. United States*, 527 U.S. 1 (1999).

We do not see any reason why materiality should not equally be required in an action based on §1692e. The statute is designed to provide information that helps consumers to choose intelligently, and by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect). See *Peters v. General Service Bureau, Inc.*, 277 F.3d 1051, 1056 (8th Cir. 2002); cf. *Evory v. RIM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776–77 (7th Cir. 2007). This is the upshot of our conclusion in *Wahl* (slip op. 6) that, "[i]f a statement would not mislead the unsophisticated consumer, it does not violate the [Act]—even if it is false in some technical sense." A statement cannot mislead unless it is material, so a false but non-material statement is not actionable.

Our conclusion that the letter does not violate §1692e makes it unnecessary to decide whether Triumph Partnerships—as opposed to its affiliate, which sent the letter—is a "debt collector."

AFFIRMED