**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2785
_____

DENNIS KEITH DIXON,

Appellant

v.

STERN & EISENBURG, PC and Employees; DOES 1-50
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:14-cv-04551)
District Judge: Honorable Joseph F. Leeson, Junior

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 8, 2016
Before:  FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 13, 2016)
_____

OPINION[*]
_____

PER CURIAM

        Dennis Dixon appeals pro se from an order of the District Court granting summary

judgment in favor of the defendants.  We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

On behalf of its client, Wells Fargo Bank, NA, Appellee Stern & Eisenberg PC mailed a series of notices to Dixon and his spouse, captioned as "Combined Notice Under Act 6 and Act 91 – Take Action to Save Your Home From Foreclosure."  The notices stated that Dixon's mortgage on his home was in default, and described Dixon's rights as homeowner in addition to setting out avenues for repayment assistance.  The notices identified the property address, the loan account number, the Original Lender (as "Option One Mortgage Corporation, a California Corporation"), and the Current Lender/Servicer (as "Wells Fargo Bank, National Association as Trustee for ABFC 2006-OPT1 Trust, Asset Backed Funding Corporation Asset-Backed Certificates, Series 2006-OPT1[;] By its Servicer, Ocwen Loan Servicing, LLC").  The notices set out the total amount past due and provided Ocwen's mailing address for the submission of any payment to cure the default.  Dixon sued.

Dixon's complaint, filed in the District Court on July 31, 2014, alleged that Stern & Eisenberg PC and fifty unnamed employees violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.  After Dixon amended his complaint and the defendants moved to dismiss the case for the failure to state a claim, the District Court notified the parties that it intended to convert the dismissal motion to a motion for summary judgment, and provided the parties time to submit any additional materials. The District Court thereafter granted summary judgment in favor of the defendants.  This appeal followed.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over a district court's grant of summary judgment, applying the same standard that the district court used.  Jensen v. Pressler & Pressler, 791 F.3d 413, 416-17 (3d Cir. 2015).  Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

The FDCPA prohibits a debt collector from conduct that harasses, oppresses, or abuses a person.  15 U.S.C. § 1692d.  A debt collector also may not "use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  The FDCPA further prohibits debt collectors from using unfair or unconscionable means of collecting a debt.  15 U.S.C. § 1692f.  And, the FDCPA sets requirements for notice to consumers and rules for the validation of debts that consumers dispute in writing.  15 U.S.C. § 1692g.  The statute also restricts the use of forms that create the false impression that a person or entity other than the debtor is involved with the collection of a debt.  15 U.S.C. § 1692j.  Dixon's complaint invokes all of these subsections.

Notwithstanding that scattershot approach to Dixon's attempt to invoke the FDCPA, Dixon's case primarily concerns § 1692e, which prohibits the use of "use any false, deceptive, or misleading representation or means[.]"  Dixon argues that the notices that he received were deceptive.  In essence, Dixon believes that Stern & Eisenberg PC violated the FDCPA because there were purported defects in the way that his mortgage

3

was conveyed to Wells Fargo from the original lender. Although Dixon spins this argument thread into a tapestry of FDCPA allegations, the key question is whether there is a genuine issue of material fact as to whether Stern & Eisenberg PC was deceptive when it listed Wells Fargo as the "Current Lender" on the notices it sent. There is not.

We consider whether the least sophisticated debtor would find a debt collector's statement deceptive or misleading, applying an objective standard. Jensen, 791 F.3d at 419-20. The standard is lower than that of a "reasonable debtor," id. at 418, and it "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993, 997 (3d Cir. 2011) (internal quotation marks omitted). Also, "[a] debtor simply cannot be confused, deceived, or misled by an incorrect statement unless it is material." Jensen, 791 F.3d at 421. A statement is material "if it is capable of influencing the decision of the least sophisticated debtor." Id.

Dixon's arguments focus almost entirely on issues he has with how the mortgage was assigned to Wells Fargo. But in the notices, Stern & Eisenberg PC did not explicitly represent anything about any procedures or technicalities of any assignment concerning the mortgage. The details of the chain of assignment do not appear directly relevant to any statement in the notices, which focus on disclosing a debtor's rights and remedies. Whatever might or might not have occurred concerning the technicalities of the assignment to Wells Fargo is not material under the circumstances of this case. See id. at

4

420-21; Hahn v. Triumph P'ships LLC, 557 F.3d 755, 758 (7th Cir. 2009) ("A statement cannot mislead unless it is material, so a false but non-material statement is not actionable."). Moreover, as the District Court observed, Dixon has already lost a case concerning whether it was permissible for his mortgage to be assigned under the terms of the mortgage and related agreements. See Dixon v. Option One Mortgage Corp., et al., No. 5:13-cv-3199, at D. Ct. Doc. No. 17.

Nor has Dixon shown that the mere act of naming Wells Fargo as the "Current Lender" is material for purposes of enforcing the FDCPA. Dixon does not state or offer any evidence that he has attempted to send mortgage payments that he owes to some other entity, that he was confused about how to cure a default, or that he risked (or feared that he risked) the prospect of having to satisfy the same debt to multiple parties. Cf. Rajamin v. Deutsche Bank Nat'l Trust Co., 757 F.3d 79, 85 (2d Cir. 2014) (finding lack of Article III standing to challenge an assignment when plaintiffs had "not pleaded or otherwise suggested that they ever paid defendants more than the amounts due [on their note], or that they ever received a bill or demand from any entity other than defendants," or that there was "any threat or institution of foreclosure proceedings . . . by any entity other than defendants"). In addition, Dixon has never set out how the hypothetical "least sophisticated debtor" might have had a doubt about how to satisfy its debt obligations, regardless of whether he was confused himself. See Jensen, 791 F.3d at 419-20 (the "least sophisticated debtor" is an objective standard).

5

For its part, Stern & Eisenberg PC has produced the note held by Wells Fargo, which is a negotiable instrument that is indorsed "in blank" in this case. That means that the holder in due course of the note is entitled to all rights under the note, including the right to enforce payment of the debt. See J.P. Morgan Chase Bank v. Murray, 63 A.3d 1258, 1266 (Pa. Super. Ct. 2013) ("[W]e conclude that the Note secured by the Mortgage in the instant case is a negotiable instrument under the PUCC. As such we find [the defendant's] challenges to the chain of possession by which [plaintiff] came to hold the Note immaterial to its enforceability[.]"). The note is the instrument reflecting Dixon's promise to repay the debt, and it is not deceptive to call Wells Fargo the creditor under these facts. And contrary to Dixon's argument, it is not material on these facts that the written assignments that Stern & Eisenberg PC recorded post-date when it sent the notices. Wells Fargo's creditor status here is not dependent on a written memorialization and recordation of an assignment of the mortgage. See 13 Pa. Cons. Stat. § 3205(b) ("an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.") (emphasis added); Murray, 63 A.3d at 1266.

Thus, for purposes of Dixon's claims in this case, there is no genuine issue of material fact that for Stern & Eisenberg PC to name Wells Fargo as the "Current Lender" in the notices it sent was truthful, to the extent it was even a material statement for it to do so. See Powell v. Palisades Acquisition XVI, LLC, 782 F.3d 119, 125 (4th Cir. 2014) ("[T]he record clearly shows that the judgment against Powell had indeed been assigned by Platinum Financial to Palisades and that the defendants' representation of this fact was

6

therefore not false."); <u>Hahn</u>, 557 F.3d at 757 ("[A]s we have concluded that the statement is true, the case is over.").

Dixon also argues that Stern & Eisenberg PC's act of recording the mortgage assignments to Wells Fargo after it had sent the notices was itself a deceptive act that amounts to a separate and independent FDCPA violation. The FDCPA, however, prohibits debt collectors from using false or misleading representations "in connection with the <u>collection</u> of any debt." 15 U.S.C. § 1692e (emphasis added). Under the circumstances of this case and viewing the record as a whole, it is evident that recording those mortgage assignments was not connected to the notices that Stern & Eisenberg PC sent, and there is nothing in the record showing that the recording was otherwise used in connection with a further effort to collect on a debt.

Rather, recording the assignments protects the creditor from the circumstance where a downstream bona fide purchaser obtains the property without notice of the mortgage, and does not affect the validity of any assignment itself of the right to collect on the debt that the mortgage secures. <u>See</u> <u>Montgomery County v. MERSCORP Inc.</u>, 795 F.3d 372, 376-77 (3d Cir. 2015) (holding that Pennsylvania law does not create a duty to record all land conveyances and observing that recording is not necessary to validly convey property). Section 1692e does not apply to the circumstances presented here involving Stern & Eisenberg PC's efforts to later record the mortgage assignment.

The claims under the other FDCPA provisions that Dixon cites fail as well. Section 1692d concerns conduct that harasses, oppresses, or abuses a person.

7

Considering Dixon's allegations and the summary judgment record as a whole, the only conduct that could even potentially have been thought to harass, oppress, or abuse was that Stern & Eisenberg PC sent six copies of the notices to Dixon and his spouse, rather than just one copy. As the defendants noted, however, they sent those notices in order to comply with state law. See Pennsylvania Loan Interest and Protection Law ("Act 6"), 41 Pa. Stat. Ann. §§ 101 et seq.; Pennsylvania Housing Finance Agency Law ("Act 91"), 35 Pa. Stat. Ann. §§ 1680.401c et seq. The multiple mailings that Dixon received merely covered the different names and addresses indicated on the mortgage documents, plus the need to send via both regular and certified mail. Otherwise, there is no evidence in the record that any defendant wrote again, called, visited, or otherwise contacted Dixon or his spouse. We conclude that the defendants' straightforward and one-time effort to comply with state and federal notice requirements through one round of mailings, with no other communication set out in the record, does not violate 15 U.S.C. § 1692d.

Relatedly, sending those required notices to the debtor was not an unfair or unconscionable means of collecting a debt under the circumstances of this case. See 15 U.S.C. § 1692f. The only potentially "unfair" practice concerned the contention that the assignment to Wells Fargo was not proper; as discussed above, the evidence of the possession of the indorsed-in-blank mortgage note precludes that argument.

The record also shows no genuine issue of material fact concerning whether Stern & Eisenberg PC complied with § 1692g. That statutory provision concerns procedures when a consumer disputes a debt. Notably, as the District Court concluded, the provision

8

does not require a debt collector to independently investigate a debt before it begins collection activities, let alone affirmatively verify every aspect of the chain of assignment of the right to collect on a debt. See, e.g., Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1174 (9th Cir. 2006) ("Within reasonable limits, [debt collectors] were entitled to rely on their client's statements to verify the debt. . . . [and] the FDCPA did not impose upon them any duty to investigate independently the claims presented by [the creditor]."); Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1999) (noting that verification does not require a debt collector to "vouch for the validity of the underlying debt") (internal quotation marks omitted). Rather, that provision requires a debt collector to seek information about a debt from the creditor once a consumer disputes a debt. See Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991) (holding that after verification was requested, the information provided was "sufficient to inform [the debtor] of the amounts of his debts, the services provided, and the dates on which the debts were incurred."). Nothing in the record shows, and Dixon does not argue, that Dixon sent the requisite written notice disputing the debt. Claims based on this provision therefore have no evidentiary support as well.

Finally, we may easily dispense with the purported violations under 15 U.S.C. § 1692j, which bars the use of forms that may create the false impression about who is involved with collecting a debt. So far as the lenders' side of things is concerned, the notices that Stern & Eisenberg PC sent to Dixon do not identify any person or entity other than Stern & Eisenberg PC, Wells Fargo NA, and Ocwen Loan Servicing, LLC. None of

the notices can be read as constituting a "form" that created the impression that any additional entity was participating in the collection of the debt. And, as discussed above, Wells Fargo NA was not misrepresented as the "Lender" for purposes of providing notice to Dixon and his spouse, and Dixon has produced no evidence of—let alone even named—any other entity that should have been listed so as to avoid creating a false impression about who was involved in the collection effort. Consequently, there is also no genuine issue of material fact that the defendants complied with 15 U.S.C. § 1692j.

The District Court was correct to grant summary judgment in favor of Stern & Eisenberg, PC and the unnamed defendants. Consequently, we will affirm the District Court's judgment.