**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 19, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID JONES,

Plaintiff - Appellant,

v.

MIDLAND FUNDING; MIDLAND
CREDIT MANAGEMENT; ENCORE
CAPITAL GROUP; JOHNSON MARK,
L.L.C.,

Defendants - Appellees.

No. 15-4162
(D.C. No. 2: 15-CV-00121-DS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

David Jones appeals from the entry of summary judgment in favor of Midland Funding, LLC (Midland).[1] We affirm.

## I. Background

Jones (allegedly) opened a credit card account with Citibank, N.A., on October 20, 2004; he used the card to make purchases yet never repaid Citibank.[2] On March 28, 2013, Citibank sold the debt to Midland. At the time of the sale, the account balance was $8,465.72. On December 4, 2013, Midland filed suit against Jones in Utah state court to recover $8,465.72 plus post-judgment interest. That lawsuit remains pending.

Jones filed the current lawsuit against Midland alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p. He alleged it violated §§ 1692e(2)(A) and 1692f(1) by falsely representing the amount of the debt and seeking to collect interest and attorney fees not authorized by the debt agreement.

Midland filed a motion to dismiss for failure to state a claim. Relevant here, it argued Jones had not demonstrated that it had increased the amount of the debt. It presented the affidavit of Aimee Dykes, a Citibank employee, who reviewed Citibank's

---

[1] Jones also sued Midland's parent corporation, an affiliate, and its law firm. For simplicity purposes we refer only to Midland.

Because Jones appears pro se, we have liberally construed his pro se filings, stopping short however of serving as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Jones "does not recall" opening a credit card account with Citibank and denies owing any money. (R. Vol. 1 at 41.) He admits though that in late 2007 he received two letters from NCO Financial Systems, Inc., referencing the same credit card account number and stating he owed $8,163.18 and $8,371.57 ($8,163.18 plus $208.39 in interest), respectively.

records. Those records revealed that when Citibank sold the debt on Jones's account to Midland in March 2013, the amount owing was $8,465.72. According to Midland, the fact Jones had received collection letters six years earlier (in 2007) indicating a lower amount, *see supra* n.2, did not show that it misrepresented the amount owed. It also argued it was not seeking attorney's fees or prejudgment interest in the state court lawsuit even though the credit card agreement and Utah law allowed it to do so. To that end, it attached the state court complaint and the credit card agreement.

Because Midland presented materials outside the complaint, the district judge converted its motion to dismiss into a motion for summary judgment. Although the judge acknowledged that notice must normally be given to the parties before such conversion to prevent unfair surprise, *see* Fed. R. Civ. P. 12(d), he decided no such notice was necessary because Jones himself had presented matters outside the pleadings in response to the motion. Relying on those materials, the judge concluded Midland was entitled to summary judgment because, *inter alia*, (1) the state court complaint and the 2007 collection letters all showed Midland was not seeking attorney's fees; (2) the credit card agreement, which Jones himself relied upon in state court to seek arbitration, clearly authorized interest; and (3) Dykes's affidavit stated that when Citibank sold the account to Midland, the amount owing was $8,465.72, the exact amount Midland was seeking in the state court lawsuit.

## II. Discussion

Jones argues the judge erred in not providing notice to the parties prior to

- 3 -

converting the motion to dismiss into one for summary judgment. Even assuming conversion was appropriate, he says entry of summary judgment in Midland's favor was not.

"We review for an abuse of discretion a district court's decision to consider evidence beyond the pleadings and convert a motion to dismiss to a motion for summary judgment." *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 654 (10th Cir. 2002). We review a grant of summary judgment de novo. *Id.* at 655. Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Jones argues he was prejudiced by the judge's decision to convert the motion to dismiss into a motion for summary judgment. Had he known the judge was going to do so, he claims he would have responded differently to the motion including filing a Fed. R. Civ. P. 56(d) affidavit seeking additional discovery. But Jones himself filed materials outside the pleadings in response to the motion to dismiss and therefore cannot now claim conversion was unfair or a surprise. *See Arnold v. Air Midwest, Inc.*, 100 F.3d 857, 859 n.2 (10th Cir. 1996) (a plaintiff who "submitted material beyond the pleadings in opposition to defendants' motion [to dismiss] . . . is scarcely in a position to claim unfair surprise or inequity"); s*ee also Lamb v. Rizzo*, 391 F.3d 1133, 1137 n.3 (10th Cir. 2004) ("Mr. Lamb does not and cannot claim that the absence of notice prejudiced him. Mr. Lamb not only failed to object to the exhibits attached to Mr. Rizzo's motion to dismiss,

but Mr. Lamb also filed his own exhibits in response.") (citation omitted). Indeed, he acknowledged in his response to the motion that the motion "is in all respects, a Motion for Summary Judgment, disguised as a Motion to Dismiss . . . ." (R. Vol. 1 at 86.) He also fails to inform us what additional discovery he would have performed or how such additional discovery would have made a difference in the outcome. We see no abuse of discretion.

Jones also argues the judge erred in awarding summary judgment to Midland because the amount of debt, a material fact, remains disputed. His complaint on appeal is narrow. He does not contest the amount of the debt at the time it was purchased by Midland[3] and he acknowledges the credit card agreement allows for the collection of interest. He complains only that Midland does not know the interest rate and the credit card agreement does not specify it. But the FDCPA only prohibits a debt collector from collecting interest not authorized by the debt agreement. *See* 15 U.S.C. § 1692f(1). It does not require a debt collector to specify the interest rate; the debt collector need only "tell the debtor the bottom line." *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) (stating "a debt collector need not break out principal and interest . . . [s]o [the debt collector] could have sent [the debtor] a letter demanding payment of $1,134.55 without saying where this figure came from").

---

[3] Because he does not dispute this issue, Jones's arguments concerning the admissibility of Dykes's affidavit are irrelevant and we need not address them. Her affidavit spoke only to this issue.

**AFFIRMED**.  Jones's motion for sanctions against Midland and its attorney is **DENIED**.  While the district judge granted Jones's request to proceed on appeal without prepaying fees (*in forma pauperis*), only prepayment is excused.  *See* 28 U.S.C. § 1915(a).  Jones is still required to pay all filing ($5.00) and docketing fees ($500.00).  Payment must be made to the Clerk of the District Court.


**Entered by the Court:**


**Terrence L. O'Brien**
United States Circuit Judge