**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1352
_____

NINOUSKA GOMEZ,
Appellant

v.

OXFORD LAW, LLC
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-14-cv-00477)
District Judge:  Hon. James M. Munley

_____

Submitted under Third Circuit LAR 34.1(a)
on April 13, 2016

Before:  AMBRO, SMITH and KRAUSE, Circuit Judges

(Opinion filed: August 8, 2016)
_____

OPINION[*]
_____

KRAUSE, Circuit Judge

Appellant Ninouska Gomez alleges that Oxford Law, LLC, a debt collector,

violated a regulation implementing the technical provisions of the Telephone Consumer

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Protection Act (TCPA) by leaving her a prerecorded message that did not identify the debt collector or the individual placing the call "at the beginning of the message." 47 U.S.C. § 227(d)(3)(A); 47 C.F.R. § 64.1200(b)(1). This alleged violation forms the basis for Gomez's claim under § 1692e(5) of the Fair Debt Collection Practices Act (FDCPA), which prohibits using "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken in connection with the collection of any debt." 15 U.S.C. § 1692e(5). The District Court granted Oxford Law's Rule 12(c) motion for judgment on the pleadings. For the reasons set forth below, we will affirm.

## I.

On November 20, 2013, Oxford Law left a message for Gomez using a prerecorded voice. Because the message began by instructing the listener to hang up unless she was the call recipient and explaining that the message contained private information, it did not identify the individual caller or the debt collector, Oxford Law, until the seventh sentence.[1] Based on this message, Gomez filed a single-count complaint against Oxford Law alleging an FDCPA violation.[2]

The District Court granted Oxford Law's motion for judgment on the pleadings and denied Gomez's cross-motion for summary judgment. *Gomez v. Oxford Law, LLC*,

---

[1] The parties have stipulated to the content of the message and agree that Gomez is a "consumer," that Oxford Law is a "debt collector," and that Oxford Law communicated with Gomez in an attempt to collect a "debt" as defined by the FDCPA. R. 33 (citing 15 U.S.C. § 1692a(3), (5), (6)).

[2] Gomez explicitly states in her complaint that she "asserts a claim only for the violations of the [FDCPA]" and "does not assert an independent claim for the violations of the federal regulations [implementing the TCPA]." R. 22.

No. 3:14cv477, 2015 WL 58766, at *1 (M.D. Pa. Jan. 5, 2015). The Court held that the challenged message did not trigger liability under § 1692e(5) of the FDCPA because § 1692e(5) "applies only to **threats** to take any action that cannot legally be taken or that is not intended to be taken," and not to illegal acts themselves, and because "even if the court were to construe section 1692e(5) to include both threats and illegal acts, [Oxford Law's] technical violation of the TCPA—the illegal act—is not the type of illegal act the FDCPA prohibits." *Gomez*, 2015 WL 58766, at *4.

The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a Rule 12(c) motion for judgment on the pleadings. *Leamer v. Fauver*, 288 F.3d 532, 535 (3d Cir. 2002). As with a Rule 12(b)(6) motion, "we view the facts alleged in the pleadings and the inferences to be drawn from those facts in the light most favorable to the plaintiff." *Id.*

## II.

In *Simon v. FIA Card Services, N.A.*, 732 F.3d 259 (3d Cir. 2013), where the debtor plaintiffs asserted a claim under several provisions of the FDCPA based on the creditor's alleged failure to comply with subpoena rules during bankruptcy proceedings, we analyzed the claim in two parts: "The first inquiry is whether the subpoenas failed to comply with the [subpoena] rules, as alleged. The second is whether the alleged failures to comply also violated § 1692e(5) or (13) of the FDCPA." *Id.* at 270.[3] In this case,

---

[3] Section 1692e(13) prohibits debt collectors from making "[t]he false representation or implication that documents are legal process." 15 U.S.C. § 1692e(13).

however, even assuming that Oxford Law committed the alleged technical violation of the TCPA, Gomez fails at the second step of the analysis because this conduct cannot be understood as a violation of the FDCPA.

Congress enacted the FDCPA in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). As such, § 1692e of the FDCPA prohibits debt collectors from engaging in such practices and gives examples of prohibited conduct. Gomez alleges that Oxford Law violated the provision by engaging in the conduct enumerated in § 1692e(5), which reads:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

Specifically, Gomez argues that Oxford Law violated this provision not by making a *threat* to take any action that cannot legally be taken, but rather by actually taking an illegal action. That alleged illegal action, she asserts, was Oxford Law's violation of a regulation that was promulgated by the Federal Communications Commission (FCC) to implement § 227(d)(3)(A) of the TCPA and that requires debt collectors to identify the entity or individual calling "[a]t the beginning of the [prerecorded] message." 47 C.F.R. § 64.1200(b)(1). In response, Oxford Law disputes Gomez's broad construction of

4

§ 1692e(5), contending that its prerecorded message cannot be understood as "a threat to take action" under the FDCPA and that in any event Oxford Law did not violate the TCPA but rather comported with FCC guidance clarifying that debt collectors need not identify themselves where such disclosure would conflict with their other obligations under state and federal law. *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 20 F.C.C. Rcd. 3788, 3788, 3802-03 (2005).

Interesting though these questions are, we conclude that the circumstances of this case do not require us to resolve whether certain illegal acts may trigger the prohibition set forth in § 1692e(5) of the FDCPA or whether Oxford Law's prerecorded message violated the technical provisions of the TCPA. For although Gomez argues in favor of an expansive reading of § 1692e(5)—which notes merely one example in a non-exhaustive list of prohibited actions—she is unable to establish that the alleged violation is "capable of influencing the decision of the least sophisticated debtor" in any respect. *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3d Cir. 2015); *see also McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 246 (3d Cir. 2014) (debt collectors' representations to debtors must be analyzed "from the perspective of the least sophisticated debtor"). Indeed, Gomez does not explain how the TCPA violation she has alleged qualifies as a "false, deceptive, or misleading representation" prohibited under § 1692e or, more broadly, as an "abusive, deceptive, and unfair debt collection practice[]" that the FDCPA is designed to remedy, 15 U.S.C. § 1692(a). *See Jensen*, 791 F.3d at 421 ("[I]f a statement would not mislead the unsophisticated consumer, it does not violate the [Act]—even if it is false in some technical sense." (quoting *Hahn v.*

5

*Triumph Partnerships LLC*, 557 F.3d 755, 758 (7th Cir. 2009)); *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 300 (3d Cir. 2008) (rejecting § 1692e claim where challenged settlement offers were not deceptive).  It follows that the alleged TCPA violation cannot be construed as a false or legally baseless "threat to take . . . action" as required to trigger § 1692e(5).[4]  *See Evankavitch v. Green Tree Servicing, LLC*, 793 F.3d 355, 361 (3d Cir. 2015) (reiterating, in an FDCPA action, the "common-sense" default rule that plaintiffs bear the burden of proving their claims, whereas the debt collector carries the burden of establishing any affirmative defenses).

Because the alleged TCPA violation identified by Gomez does not qualify as conduct for which a debtor could recover under § 1692e or its subsections, we will affirm the judgment of the District Court.

---

[4] Judge Smith would affirm on the ground that the least sophisticated consumer would not consider the technical violation of the TCPA—identifying the debt collector a few sentences into the recorded message—to be a "threat to take . . . action" under § 1692e(5).  *See Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 176 (3d Cir. 2015) (stating that a foreclosure complaint listing certain not-yet incurred fees did not provide the basis for an e(5) claim because "Udren did not threaten to take an action that cannot legally be taken, such as falsely threatening to file suit" (internal citations and quotation marks omitted)); *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 33 (3d Cir. 2011) ("Even the least sophisticated consumer would not understand AMP's letter [explaining that the debt was reassigned and inviting the debtor to dispute the debt] to explicitly or implicitly threaten litigation.").