In the

# United States Court of Appeals
## For the Seventh Circuit

No. 17-3408

DIANE RHONE,

*Plaintiff-Appellee,*

*v.*

MEDICAL BUSINESS BUREAU, LLC,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 16 C 5215 — **Virginia M. Kendall**, *Judge.*

ARGUED SEPTEMBER 26, 2018 — DECIDED FEBRUARY 7, 2019

Before WOOD, *Chief Judge*, and EASTERBROOK and ROVNER,
*Circuit Judges.*

EASTERBROOK, *Circuit Judge.* This case is about character—
the character of a debt. A debt collector must not make any
"false representation" about "the character, amount, or legal
status of any debt". 15 U.S.C. §1692e(2)(A). A district court
concluded that a debt collector misrepresented a debt's
"character" by reporting to a credit bureau that the debtor
had nine unpaid bills of $60 rather than one of $540. We

hold, to the contrary, that arithmetic does not affect a debt's "character." The statutory word "amount" rather than the word "character" is what governs reporting the debt's size.

Diane Rhone received physical therapy from Illinois Bone and Joint Institute, which billed her $134 for each session. Insurance covered all but a $60 co-pay per session. Rhone did not remit her part of the bills, however, and the Institute turned to the Medical Business Bureau for debt collection. After three years of dunning letters did not work, the Bureau reported to Equifax that Rhone owes nine debts of $60 each. That led to this suit, in which Rhone contends that the Bureau had to report the aggregate debt of $540 rather than nine $60 debts. Judge Der-Yeghiayan agreed with that submission. 2017 U.S. Dist. LEXIS 177800 (N.D. Ill. Oct. 25, 2017). After he retired the case was assigned to Judge Kendall, who imposed a $1,000 penalty. 2018 U.S. Dist. LEXIS 188433 (N.D. Ill. Apr. 27, 2018).

The credit report was factually correct. Rhone incurred nine debts of $60 each. Judge Der-Yeghiayan did not explain why the difference between 1 × $540 and 9 × $60 misrepresents the "character" of a debt. Neither the district judge nor Rhone offered a definition of the word "character." Asked at oral argument whether a debt collector should report one debt, or two, if a person buys two cars from a single dealer and does not pay for either car, Rhone's lawyer replied: "It would depend." Counsel told us that a judge should consider "all the facts and circumstances" once litigation is underway. Yet what a court (or for that matter a debt collector) needs is a rule of law to apply *to* those facts and circumstances. This is a statutory suit, not a common-law action. The word "character" either requires aggregation of debts

arising from multiple transactions with a single entity, or it does not.

The statute refers separately to the "character" and the "amount" of a debt. Rhone does not contend that the Bureau misrepresented the "amount" of the debt by telling Equifax that Rhone owes $60 for each of nine medical treatments. We can imagine a regulation specifying whether debts to a single creditor should be aggregated (or perhaps reported both singly and in the aggregate)—consistency contributes to clarity—but Rhone does not point to such a regulation, nor could we find one. One benefit of identifying each amount separately is that a debtor then can identify exactly which transactions are at issue. If the Bureau had reported one $540 debt, Rhone might well have asserted that the report was misleading—after all, she does not owe $540 for any transaction. Per-transaction reporting also shows whether some of the debts are stale (that is, whether the statute of limitations bars collection). Consumers and credit bureaus alike may find that information valuable.

A search through decisions from this court and the other courts of appeals did not turn up any discussing whether aggregation (or not) of all amounts owed to a single creditor concerns the "character" of a debt. Indeed, few decisions discuss the meaning of that word in any debt-related context. In this circuit, *Fields v. Wilbur Law Firm, P.C.*, 383 F.3d 562 (7th Cir. 2004), holds that presenting a debt plus attorneys' fees as a single undifferentiated sum misstates the debt's character, while *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755 (7th Cir. 2009), holds that combining principal and interest does not do so. Attorneys' fees differ in character from the main debt, while interest does not. Elsewhere,

*Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010), agrees with *Hahn*, while *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592–94 (6th Cir. 2009), holds that describing a debt as a loan rather than an account receivable does not misstate its character. None of these decisions holds or implies that it matters to a debt's "character" whether amounts due for individual purchases from a single merchant are stated separately or as a total.

The absence of authoritative or even persuasive guidance leaves us on our own. To our ears, "character" sounds like a reference to the kind of obligation. (That is essentially how *Fields* heard it, too.) A secured auto loan would be of one character, an unsecured credit-card debt another, a judgment debt a third, and a subordinated debenture (an instrument junior by contract) a fourth. Keeping these kinds of obligation distinct reduces the potential for confusion about their nature and relative priority. But the number of transactions between a debtor and a single merchant does not affect the genesis, nature, or priority of the debt and so does not concern its character. The statute names "character, amount, or legal status" as distinct attributes, and it would undercut this disjunction to treat arithmetic as concerning the debt's "character" rather than its "amount."

The district court's opinion, and the parties' briefs, devote considerable attention to whether the Bureau made a proper report of "tradelines." This is a word that Equifax uses in the conduct of its own business. It does not appear in the statute or any relevant regulation. (The word "tradeline" or the phrase "trade line" appears four times in the Code of Federal Regulations. None of the regulations defines it, and none concerns debt collectors' reports to credit bureaus.)

Whether Equifax has a grievance against Medical Business Bureau—and whether Equifax offers debtors some remedy if creditors or debt collectors err in implementing Equifax's policies—are neither here nor there for our purposes. Equifax might have a duty to correct its report if an error with respect to the number of tradelines affects a consumer's credit rating. See 15 U.S.C. §1681i(a). But this suit rests on §1692e(2)(A), not on Equifax's vocabulary.

Medical Business Bureau did not misstate the "character" of Rhone's debt to the Illinois Bone and Joint Institute, so the judgment of the district court is

REVERSED.